# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEPHEN S. CUSHMAN,**

    **Plaintiff,**

**vs.**                                                                      **Case No. 4:08cv384-SPM-WCS**

**JULIAN E. COLLINS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a state prisoner incarcerated at Polk Correctional Institution in Polk City, Florida. Doc. 1. The only Defendant is a state court judge in Lake City, Florida. *Id.* Plaintiff filed a civil rights action under 42 U.S.C. § 1983 claiming that Judge Collins violated his rights by comments he made during a hearing in a case before the judge. *Id.* It is also likely that Plaintiff claims his rights were violated when he was denied property (marital assets) and he seeks injunctive relief. *Id.* Plaintiff simultaneously filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, which was just recently granted. Doc. 4. Although Plaintiff's initial partial filing fee has not yet been received, it is noted that this case should not proceed further in this Court.

Polk Correctional Institution is located in the Middle District of Florida, as is the only Defendant in this case. The actions challenged took place in the Middle District. Therefore, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Ocala Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Ocala Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2008.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**